IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CALVIN LEE STEVENSON, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 110-144 |
| | ) (Formerly CR 108-061) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 20). In his motion filed under 28 U.S.C. § 2255, Petitioner asserted (1) that Ms. Janice Mathis, one of the attorneys who represented him at trial,[1] provided ineffective assistance of counsel by failing to file an appeal after Petitioner specifically requested that she do so; and (2) that his "counsel"[2] was ineffective for failing to file an appeal on the ground that his guilty plea was not knowing and voluntary. (See generally doc. no. 1.)

The Magistrate Judge held an evidentiary hearing and appointed George Hall to

---

[1] In addition to Ms. Mathis, Petitioner retained another attorney to represent him in his criminal proceedings, Ms. C. Hope Demps.

[2] As explained by the Magistrate Judge, Petitioner specifically directs the claim in Ground One at the representation provided by Ms. Mathis. In Ground Two, however, he generically refers to the ineffective assistance of his "counsel."

represent Petitioner at the hearing. After hearing the testimony of Petitioner, Ms. Mathis, and several of Petitioner's family members, the Magistrate Judge recommended that the § 2255 motion be denied. With regard to Ground One, the Magistrate Judge found that Petitioner did not request Ms. Mathis to file an appeal and that, under the relevant circumstances, there was no duty to consult with Petitioner about an appeal following his guilty plea. (Doc. no. 16, pp. 13-20.) As to Ground Two, the Magistrate Judge found that Petitioner's failure to request his trial counsel to file an appeal precluded him from showing that their performance was objectively unreasonable; additionally, the Magistrate Judge found that Petitioner's assertion that his guilty plea was not knowing and voluntary to be without merit, meaning that he suffered no prejudice from his counsel's failure to raise that issue on appeal. (Id. at 20-23.)

Regarding Ground One of his § 2255 motion, Petitioner objects to the Magistrate Judge's finding that he did not request that Ms. Mathis file an appeal. Petitioner argues that his testimony at the evidentiary hearing, along with the handwritten letters he produced, were sufficient to show that he asked Ms. Mathis to file an appeal. (Doc. no. 20, p. 1.) Petitioner also contends that, aside from his testimony and letters, the testimony of his family members provided "unrefuted evidence" demonstrating that Ms. Mathis was told to file an appeal. (Id. at 2.) In addition, Petitioner argues that Ms. Mathis's testimony establishes that he is entitled to relief on Ground One of his motion, pointing out her admission of not communicating with him after his sentencing hearing as well as her failure to produce documentation showing that she consulted with Petitioner about an appeal. (Id.) Furthermore, Petitioner attempts to analogize the instant case to two previous cases in which relief was granted on

2

§ 2255 motions following a favorable recommendation from the Magistrate Judge: Robinson v. United States, CV 108-158, doc. no. 10 (S.D. Ga. Mar. 25, 2010) (Barfield, J.) (adopted by doc. no. 13 (Bowen, J.)), and Aguero v. United States, CV 308-033, doc. no. 12 (S.D. Ga. Dec. 9, 2008) (Barfield, J.) (adopted by doc. no. 14 (Bowen, J.)). (See doc. no. 20, p. 3.)

Petitioner's objections relating to Ground One of his § 2255 motion lack merit. Petitioner's testimony that he asked Ms. Mathis to file an appeal, both in a telephone conversation and in the letters he allegedly sent, plainly conflicted with Ms. Mathis's testimony that Petitioner never asked her to file an appeal and that she never received any letters from Petitioner requesting that she file an appeal.[3] Tr., p. 48. Consistent with his duties as the finder of fact, see Carr v. Shofield, 364 F.3d 1246, 1264-65 (11th Cir. 2004), the Magistrate Judge made a credibility determination, specifically crediting Ms. Mathis's testimony over Petitioner's testimony as well as his other contradictory evidence. (Doc. no. 16, pp. 14-15.)

Petitioner's assertion in his objections that his testimony and letters are credible, and should thus be deemed sufficient to carry his burden of showing he asked Ms. Mathis to file an appeal, ultimately amounts to an unsupported request to reject the Magistrate Judge's credibility determination. Petitioner fails to address the factors underlying the Magistrate Judge's determination that his testimony was not credible, the most significant of which was his admission to repeatedly lying under oath in court proceedings in the past when it suited

---

[3] As noted by the Magistrate Judge, Ms. Mathis did acknowledge receiving one of the letters Petitioner claimed to have sent; the letter she received, however, was sent months after Petitioner's guilty plea was entered and did not mention anything about filing an appeal. (Doc. no. 19 (hereinafter "Tr."), p. 49.)

3

his interests at the time. Tr., pp. 11-18. Nor does Petitioner's discussion of Ms. Mathis's testimony call into question her credibility. Accordingly, in light of the Magistrate Judge's properly made credibility determination, Petitioner's assertion that he has carried his burden by testifying that he asked for an appeal must fail.

Furthermore, contrary to Petitioner's assertions, the testimony of Petitioner's family members – two of whom testified that they called and left messages for Ms. Mathis – does not constitute "unrefuted evidence" demonstrating that Ms. Mathis was told to file an appeal. In fact, such evidence is in direct conflict with Ms. Mathis's testimony that she was not contacted by any of Petitioner's family members regarding Petitioner's wish to appeal and that she did not receive any messages about an appeal. Tr., p. 51. Again, Petitioner has not offered anything in his objections that calls into question the Magistrate Judge's decision to credit Ms. Mathis's testimony that she was not contacted by Petitioner's family regarding an appeal. Though Petitioner argues otherwise, this credibility determination by the Magistrate Judge is bolstered by the fact that Petitioner's family members showed uncertainty over the content of the messages they claimed to have left for Ms. Mathis and exhibited signs of confusion as to the difference between an appeal and the withdrawal of a guilty plea. See Tr., pp. 28-31, 40. Ms. Mathis, in contrast, testified without equivocation that she was neither contacted by nor received messages from Petitioner or any of his family members regarding an appeal. Tr., p. 51.

Petitioner's other arguments about Ms. Mathis's testimony also miss the mark. Petitioner complains that the R&R fails to acknowledge several "key points" from Ms. Mathis's testimony – namely, that Ms. Mathis admitted she did not file an appeal, that she

did not meet with Petitioner after his sentencing hearing, that she had no telephone conversations with him about an appeal after the hearing, and that she had nothing in writing confirming the decision not to appeal the sentence. (Doc. no. 20, p. 2.) However, contrary to Petitioner's assertions, the Magistrate Judge clearly acknowledged that no appeal was filed and that Ms. Mathis testified that she did not consult with Petitioner about filing an appeal after his sentencing, by telephone or otherwise. (See doc. no. 16, pp. 5, 11.) Indeed, the Magistrate Judge found that it was "undisputed that neither of Petitioner's attorneys consulted with him about an appeal after his sentencing," yet ultimately concluded that there was no duty to carry out such consultation. (Id. at 18-19.) Moreover, the fact that Ms. Mathis produced no documentation confirming the decision not to appeal is insufficient for Petitioner to carry his burden of showing that he asked Ms. Mathis to file an appeal.

In addition, the cases to which Petitioner attempts to analogize the instant case are readily distinguishable. In Robinson, for example, the respondent conceded that the petitioner was entitled to an out-of-time appeal because his trial counsel was unsure about whether he was asked to file an appeal and did not adequately consult with the petitioner regarding his right to appeal. CV 108-158, doc. no. 10, p. 5. Similarly, in Aguero, the petitioner's trial counsel provided "uncertain and equivocal" testimony as to whether the petitioner had instructed him to file an appeal, and there was a duty to consult about an appeal because, following sentencing, the petitioner expressed dissatisfaction with the fact that he had received a harsher sentence than his co-defendants and asked his counsel if he could file an appeal at that time. CV 308-033, doc. no. 12, pp. 8-9. Here, in contrast, Ms. Mathis provided unwavering testimony that Petitioner never asked her appeal. Tr., p. 48.

Moreover, under the circumstances of this case – most notably the fact that Petitioner's conviction followed a guilty plea entered pursuant to a plea agreement in which he waived the right to appeal so long as he received the agreed-upon sentence, which he did – there was no duty for Petitioner's trial counsel to consult with him about his right to appeal. See Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Thus, neither of the cases cited by Petitioner in his objections persuade the Court that he is entitled to relief on Ground One of his § 2255 motion.

With regard to Ground Two of his § 2255 motion, Petitioner objects to the Magistrate Judge's finding that there was no ineffective assistance of counsel for failure to appeal the voluntariness of his guilty plea. In particular, Petitioner asserts that he was under duress at the time he entered his guilty plea because Ms. Mathis had recently attempted to withdraw as his attorney, prompting him to retain Ms. Demps as additional counsel; he asserts that his counsel was inadequately prepared for trial and that he made the decision to withdraw under "severe time constraints." (Doc. no. 20, p. 4.)

Petitioner's objections relating to his claim of ineffective assistance of counsel in Ground Two also lack merit. Petitioner did not request that his counsel file an appeal on this issue, and his contention that his plea was not voluntary is frivolous because it is plainly contradicted by the record. Notably, by signing his plea agreement, Petitioner swore under penalty of perjury that he understood the terms of the agreement and entered into it "as a matter of [his] free and voluntary choice," and that he "has met with [his counsel] on a sufficient number of occasions and for a sufficient period of time to discuss [his] case and receive advice . . . ." United States v. Stevenson, CR 108-061, doc. no. 258, pp. 6-8 (S.D.

6

Ga. May 20, 2010). Likewise, he testified under oath at his sentencing hearing that he had been given a chance to talk with his counsel as much as he wished about the charges and that he was satisfied with the representation provided by his trial counsel. Id., doc. no. 268, pp. 5, 9. Accordingly, Petitioner has failed to show that his counsel's decision not to appeal on the issue of the voluntariness of his plea was either objectively unreasonable or that he suffered any prejudice as a result of the failure to file an appeal on that issue. See Jones v. Barnes, 463 U.S. 745, 751-53 (1983) (holding that the failure to raise frivolous issues on appeal does not give rise to a meritable ineffective assistance of counsel claim).

Having determined that Petitioner is not entitled to relief on his § 2255 motion, the Court turns to the issue of whether to issue a certificate of appealability ("COA"). A federal prisoner must obtain a COA before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[4] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

In sum, for the reasons set forth above, Petitioner's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's § 2255 motion is **DENIED**, this civil action is **CLOSED**, and a final judgment shall be **ENTERED** in favor of the United States of America.

SO ORDERED this 12th day of May, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA